# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

LORRAINE DAVIS,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

    Defendant.

CIVIL ACTION

COMPLAINT `1:17-cv-03286`

JURY TRIAL DEMANDED

## COMPLAINT

Now comes LORRAINE DAVIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq*., and the Indiana Deceptive Consumer Sales Act ("IDCSA") under Ind. Code § 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law IDCSA claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4.  Plaintiff is a natural person residing at 1705 Woodbine Drive, Anderson, Indiana, which is located within the Southern District of Indiana.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant is "a national leader in accounts receivable management. From Bank Card and Retail Card to Auto Finance, Telecommunications, Media and Utilities, Healthcare, Commercial Finance, and Small Business, RPM is forging lasting partnerships as a result of [its] unique core business value."[1]

7.  Defendant is a limited liability company organized under the laws of Washington, with its principal place of business located at 20816 44th Ave. W., Lynwood, Washington. Defendant's registered agent is Mark Case.

8.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10.  In approximately July 2017, Plaintiff began receiving calls to her cellular phone, (317) XXX-1434, from Defendant.

---

[1] http://www.receivablesperformance.com/

11.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1434.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

12.  The phone number that Defendant most often uses to contact Plaintiff is (425) 412-2559.

13.  Upon information and belief, the above-referenced phone number ending in 2559 is regularly utilized by Defendant to contact consumers during its debt collection activity.

14.  When Plaintiff answers calls from Defendant, she experiences a noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

15.  During other answered calls from Defendant, Plaintiff experiences dead air and does not receive a response from Defendant's representatives.

16.  Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone, so Plaintiff was confused as to why Defendant was contacting her.

17.  Upon speaking with Defendant, Plaintiff was informed that Defendant is seeking to collect upon a debt owed by an individual named "Richard Enoch."

18.  Richard Enoch is the Plaintiff's ex-boyfriend, with whom Plaintiff has not been involved with for many years.

19.  Plaintiff informed Defendant that she was not the individual it was looking for, and demanded that Defendant stop contacting her.

20.  Despite informing Defendant that it was calling the wrong person, as well as her demands that it cease contacting her, Defendant has persistently called Plaintiff's cellular phone on a regularly basis up until September 2017.

21.   Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop.

22.   For instance, on or about July 26, 2017, Plaintiff received not less than 4 calls from Defendant.

23.   Plaintiff has received not less than 15 phone calls from Defendant after asking it to stop calling.

24.   Plaintiff needs to answer her cellular phone when it rings, as she is the mother of an adult individual with a disability, and any phone call received may be related to the care of her child.

25.   Plaintiff suffers from anxiety and depression, rendering Defendant's incessant calls particularly distressing, especially in light of Plaintiff's numerous efforts to terminate the calls.

26.   Defendant's excessive calls have created tension in Plaintiff's current marriage, as Plaintiff's husband is upset by Defendant's numerous calls seeking to locate Plaintiff's ex-boyfriend.

27.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

28.   With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $78.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

29.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls intended for an ex-boyfriend, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of

cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.  Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2002.[2]

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.     Violations of FDCPA §1692b & c(b)**

36. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."  Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than

---

[2] http://www.acainternational.org/search#memberdirectory

the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

37. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named "Richard Enoch."  Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling her.  Defendant had more than enough information to know that the number it was calling did not belong to anyone named Richard Enoch, especially since Plaintiff is a female and has advised Defendant that she is not associated with the purported debtor.  Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

**b.       Violations of the FDCPA §1692c(a)(1) and §1692d**

38.  The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

39.  Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop.  This repeated behavior of systematically calling Plaintiff's phone on a daily basis in spite of her demands was harassing and abusive.  The frequency and volume of calls, including calling Plaintiff multiple times during the same day, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

40. Furthermore, Defendant relentlessly called Plaintiff multiple times during the same day after being told to stop calling. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

41. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c. Violations of the FDCPA § 1692e

42. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

44. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 15 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt was not hers. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when not only did it not have consent to do so in the first place, but it was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

45. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual named Richard Enoch, whom Plaintiff is no longer associated with. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

47. As pled in paragraphs 23 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LORRAINE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

49. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The

TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

50.  Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The brief pause lasting several seconds, as well as the dead air that accompanies certain answered calls, is indicative that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

51. Plaintiff has never had any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff was no longer associated with. As such, she could not have given Defendant consent to contact her. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, she explicitly revoked any consent by her demands to cease contact.

52. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. 227(b)(1)(A)(i).

53. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party, but yet, it continued its attempts to harass Plaintiff into submission.

WHEREFORE, Plaintiff, LORRAINE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

54. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein deceptive practice through its systematic collection efforts towards Plaintiff

55. Defendant violated Ind. Code § 24-5-0.5-3(a), and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

56. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." Ind. Code § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." Ind. Code § 24-5-0.5-3(b)(19).

57. Plaintiff is a "person" as defined by the IDCSA, Ind. Code § 24-5-0.5-2(a)(2).

58. Defendant is a "supplier" as defined by the IDCSA, Ind. Code § 24-5-0.5-2(a)(3).

59. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the

IDCSA, Ind. Code § 24-5-0.5-2(a)(1)(C).

60. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Plaintiff never gave Defendant consent to contact her, evidenced by the fact that it was calling the wrong person. Even so, Plaintiff still told Defendant to stop calling, which would revoke any hypothetical consent that Plaintiff may have given. However, Defendant consciously continued its abusive attempts to collect payment from her.

61. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Defendant was never given consent to contact Plaintiff in the first place and once Plaintiff demanded that it stop calling her, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

62. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

63. In violating the TCPA, Defendant also violated one of the specifically enumerated prongs of the IDCSA, Ind. Code § 24-5-0.5-3(b)(19).  "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list.  A claim may be based only on an enumerated act, and not a representation at all."  *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

64. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

65. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  Ind. Code § 24-5-0.5-4(a)(1)(2).

66.  Although unsuccessful, Plaintiff made attempts to correct Defendant's deceptive acts by demanding that it cease contacting her.  However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had ample knowledge that it was calling the wrong person, and was even told by Plaintiff to stop calling. Nevertheless, Defendant continued to contact Plaintiff in an attempt to collect upon a debt not belonging to her. This illustrates Defendant's artifice with intent to mislead Plaintiff into paying another person's debt. There would be little reason for Defendant to contact Plaintiff after being informed of Plaintiff's identity, unless Defendant was attempting to mislead Plaintiff into paying the alleged debt. Regardless, Plaintiff still demanded that Defendant stop contacting her. The fact that Defendant refused to abide by said notices and continued to contact the wrong party in an attempt to collect upon an outstanding debt further highlights that its behavior is incurable.

67. Upon information, defendant conducts the above described behavior on a wide and frequent basis. This is extremely unfair and abusive, and goes against the state's goal of preventing the phone from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious.

68. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 23 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application.  Plaintiff is entitled to relief pursuant to Ind. Code § 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LORRAINE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under Ind. Code § 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under Ind. Code § 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  September 15, 2017                           Respectfully submitted,

s/ Nathan C. Volheim                                s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                    Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                               Counsel for Plaintiff
Admitted in the Southern District of Indiana        Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            thatz@sulaimanlaw.com